## TOWN OF COVINGTON v. ALONZO B. HAYDEN, Inc.

Circuit Court of Appeals, Fifth Circuit. July 6, 1928.

No. 4956.

·Liens ⏆⟿7—Contractor held entitled to equitable lien on proceeds of bonds for balance due under contract for construction of sewer system.

Contractor *held* entitled to equitable lien on proceeds of bonds for balance due under contract for construction of sewer system, where bonds were sold to pay for work done under contract, and proceeds were dedicated to that purpose, and not to general uses of town.

Appeal and Cross-Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Suit by Alonzo B. Hayden, Inc., against the Town of Covington. From a decree for plaintiff (27 F.[2d] 354), both parties appeal. Affirmed.

Benj. M. Miller, of Covington, La., and J. Zach Spearing, of New Orleans, La. (Spearing & Mabry, of New Orleans, La., on the brief), for appellant and cross-appellee.

Harry McCall and P. M. Milner, both of New Orleans, La. (Harvey E. Ellis, of Covington, La., Geo. Denegre, Victor Leovy, Henry H. Chaffe, and Jas. Hy. Bruns, all of New Orleans, La., on the brief), for appellee and cross-appellant.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellee was awarded a contract by the town of Covington, La., to do certain work in connection with the installation of a sewerage system, to pay for which the taxpayers had voted a bond issue. A dispute arose, and the job was taken away from appellee, and another contractor employed to complete the work. The bonds had been sold, and about $12,000 of the proceeds were still in the hands of the town's treasurer. Appellee filed a bill to impress the money remaining on hand with a lien in his favor, for an injunction to prevent it being paid out to others, and to recover on his contract, and for extra work, a total of $22,895.79. Appellant answered, denying that appellee was entitled to a lien on the proceeds of the bonds, or any money judgment, and set up a counterclaim against appellant and the Fidelity & Deposit Company of Maryland, surety on his bond, for $30,-407.40, the cost of repairing and reconstructing the sewers.

The District Court heard the witnesses, rendered an elaborate opinion, reviewing the evidence in considerable detail, and entered a decree, rejecting certain items for which payment was claimed by appellee, awarding him a judgment for $14,840, with recognition of a lien on the proceeds of the bonds remaining in the town treasury, granting an injunction against the disposal of the money, and rejecting the counterclaim of appellant. From this, both parties have appealed.

Aside from the question as to whether appellee is entitled to a lien and an injunction, the case presents only questions of fact. The evidence is fully considered in the opinion of the District Court, and we see no reason to review it. It is enough to say that we agree with the conclusions arrived at by the District Court. 27 F.(2d) 354. There could be no doubt that the bonds disposed of were sold for the purpose of paying for the work to be done under appellee's contract, and that the proceeds were dedicated to that purpose, and not to the general uses of the town. We think, in these circumstances, an equitable lien was created on the proceeds of the bonds. Walker v. Brown, 165 U. S. 654, 17 S. Ct. 453, 41 L. Ed. 865.

The record presents no reversible error. Affirmed.